UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOEL SCHWARTZ on behalf of himself and all other similarly situated consumers

                Plaintiff,

-against-

VIKING CLIENT SERVICES, INC.

                Defendant.

CV 12 - 6425

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 2 8 2012 ★

SCANLON, M.J.

BROOKLYN OFFICE

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joel Schwartz seeks redress for the illegal practices of Viking Client Services, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to LVNV Funding LLC.

5. Upon information and belief, Defendant's principal place of business is located within Eden Prairie, Minnesota.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1692a(5).

17. Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

18. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and to speak with a debt collector employed by Viking Client Services, Inc., and then provide that debt collector with personal information.

19. The Defendant intended that the messages have the effect of causing Plaintiff, and least sophisticated consumers, to place return calls to the telephone number provided in the messages and to speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages and to ascertain the purpose underlying the messages.

20. Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

21. At all times relevant to this action, Viking Client Services, Inc. was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

22. At all times relevant to this action, Viking Client Services, Inc. willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

23. The Defendant's act of leaving the said messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

24. The Defendant's act of leaving the said messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

25. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Viking Client Services, Inc. is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

26. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

    (a) Failing to provide meaningful disclosure of Viking Client Services, Inc.'s identity;

    (b) Failing to disclose that the call is from a debt collector; and

    (c)    Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

27. Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

28. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

29. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector. This constitutes a deceptive practice.

30. On or about July 6, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

31. Said letter states in pertinent part as follows: "...Our client will accept this payment as settlement and will not pursue collection on the remaining balance. The above client is required to report indebted forgiveness in excess of $600.00 to the Internal Revenue Service."

32. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

33. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt allegedly due.

34. Advising Plaintiff that Viking Client Services, Inc.'s client, LVNV Funding LLC, "is required to report indebted forgiveness in excess of $600.00 to the Internal Revenue Service." is deceptive and misleading in violation of the FDCPA.

35. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

36. Here, there is no basis to conclude that a triggering event has or will occur requiring LVNV Funding LLC to file a Form 1099-C.

37. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

38. Said letter violated 15 U.S.C. §§ 1692e, and 1692e(10), by falsely representing that "the above client is required to report indebted forgiveness in excess of $600.00 to the Internal Revenue Service." Such a statement is objectively false. Any forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

39. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

40. The language in said letter is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

41. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the

Defendant claims is owed and what the consumer agrees to pay.

42. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

43. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

44. Said letter violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that "the above client is required to report indebted forgiveness in excess of $600.00 to the Internal Revenue Service" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

45. Defendant's actions as described herein also violate 15 U.S.C. § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to file a 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said "identifiable events" is a violation of 15 U.S.C. § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The

Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

46. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f, as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

47. The Defendant's letter gives consumers objectively false and deceptive tax advice.

48. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

49. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

50. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

51. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

52. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is a violation of the FDCPA. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007) (This includes a statement that a 1099 must be issued when a 1099 is not required.); Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa.,

March 26, 2009) (Many classes have been certified.); Sledge v. Sands, 1998 WL 525433 (class certified); Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

53. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty eight (48) as if set forth fully in this cause of action.

54. This cause of action is brought on behalf of Plaintiff and the members of two classes.

55. Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

56. Class B consists of all persons: (a) whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Viking Client Services, Inc. asserting a debt owed to "LVNV Funding LLC," bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about July 6, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; (c) the collection letter was not returned by the postal service as undelivered, and (d) the

Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(5), 1692e(8), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

57. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters and telephonic messages, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

58. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

59. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

60. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

61. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

62. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
December 27, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com


Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.



**VIKING CLIENT SERVICES, INC.**
P.O. Box 59207
Minneapolis, MN 55459
952-944-7575

Jul 6, 2012

FT5073/MO2/RES10 /D6

JOEL SCHWARTZ
1214 48TH ST

BROOKLYN, NY  11219

VCS Account #: FT5073

| Creditor | Regarding | Amount Owed |
|---|---|---|
| LVNV FUNDING LLC | XXXXXXXXXXXX4343 | 888.13 |

Original Creditor: CREDIT ONE BANK, N.A

As you have not been able to come up with the funds to pay the above account in full we would like to offer you a couple of options to resolve this problem.

Option One would be to send 60% of the balance listed above as settlement for this account.  Our client will accept this payment as settlement and will not pursue collection on the remaining balance.  The above client is required to report indebted forgiveness in excess of $600.00 to the Internal Revenue Service.

If, at this time, you feel that you cannot come up with 60%, Option Two would be to make payments of $100.00 per month for the next three months.  At the end of three months the arrangement would be reviewed and hopefully you would be able to pay the remaining balance at that time.  If the balance could not be paid in full at that time we would expect to have the size of the monthly payment increased.

To take advantage of either of these offers payment must be received in our office by the 25th day of the current month. Should you need additional time to respond to these offers, please phone us at 800 767 7906 prior to the end of the month to make other arrangements.

Sincerely,

LARRY SHANNON
800 767 7906
Account Representative
Viking Collection Service, Inc.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.